```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

                                  :
WANDA T. THOMPSON
                                  :

     v.                           :  Civil Action No. DKC 2006-0379

                                  :
BENEFICIAL MORTGAGE COMPANY
     OF MARYLAND, ET AL.          :
```

**MEMORANDUM OPINION**

On January 24, 2007, Plaintiff was directed to file a final amended complaint, clarifying whether she was asserting any federal causes of action and identifying any potential claims against Martha Lawson. Furthermore, if there were no federal claims remaining, the parties were directed to show cause why the remaining claims should not be remanded to state court.

Plaintiff has now responded, contending that there are no federal claims remaining, agreeing that remand is appropriate, and asserting that, until a default is entered, she cannot seek damages against Ms. Lawson. Defendant SunTrust Bank asserts that this court could continue to retain jurisdiction based on diversity of citizenship, claiming that Ms. Lawson is now domiciled in West Virginia, where she is serving a prison sentence.

As will be discussed, Plaintiff misapprehends the court's earlier rulings, and regardless of whether Ms. Lawson is in default, Plaintiff cannot obtain a judgment by default if the allegations in the complaint served on her fail to state a claim. Upon default, the well-pled allegations in a complaint as to

liability are taken as true, but allegations as to damages are not. *Sec. & Exch. Comm'n v. Lawbaugh,* 359 F.Supp.2d 418, 422 (D.Md. 2005) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods.,* 722 F.2d 1319, 1323 (7th Cir. 1983)). If, however, the complaint has failed to state a claim, there is nothing upon which to determine damages. In its earlier Memorandum Opinion, the court observed that Plaintiff had failed to state a claim upon which relief could be granted against Ms. Lawson in the then-operative complaint and directed Plaintiff to show cause why the complaint should not be dismissed as to Ms. Lawson. Instead of responding to that Order, Plaintiff reiterates that she seeks entry of default. The court has already denied that request. On the other hand, the Amended Complaint (paper 86) contains new allegations against Ms. Lawson, namely count two-theft. Although Plaintiff has to serve Ms. Lawson properly with this Amended Complaint, this new claim may well state a claim upon which relief can be granted, so the court will not dismiss Ms. Lawson as a defendant.[1]

SunTrust Bank contends that the remaining parties are now diverse and urges the court to retain jurisdiction on that basis. Although Ms. Lawson may physically be in West Virginia, she is not

---

[1] If this case were to remain in this court, Plaintiff would be required to serve Ms. Lawson again with the Amended Complaint that asserts new or additional claims. *See* Fed.R.Civ.P. 5(a) ("No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.").

there voluntarily. "[P]risoners usually retain the domicile they had prior to incarceration. *See* 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure*, § 3618 (1984), *Price v. Carr-Price*, 23 F.3d 402, No. 9401152, 1994 WL 183468 at FN* (4th Cir. [May 13,] 1994) [(Unpublished Disposition)] (affirming dismissal of action brought by prisoner against his wife, noting that diversity jurisdiction exists only when prisoner is domiciled, prior to incarceration, in state other than where defendant resides)." *Ownby v. Cohen*, 19 F.Supp.2d 558, 563 (W.D.Va. 1998), *aff'd in summary opinion*, 194 F.3d 1305, No. 98-2550, 1999 WL 754053 (4th Cir. Sept. 23, 1999). Thus, the parties are not, even now, entirely diverse and the court does not have diversity jurisdiction.

Under the circumstances, as contemplated by the court's earlier Memorandum Opinion, now that all federal claims have been dismissed, the court has discretion to remand the remaining claims to state court. Chief Judge Legg recently explained the principles a court should consider when exercising this discretion:

> Without the [federal] ADEA claim, Plaintiff's Amended Complaint contains only state-law claims. Accordingly, the Court has the discretion to remand the case.[15] In exercising its discretion, the Court should weigh the factors of judicial economy, convenience, fairness, and comity.[16] The Court should also consider the fact that Plaintiff dismissed his ADEA claim in an effort to destroy federal jurisdiction.[17] Typically, the "balance of factors to be considered ... will point toward declining to exercise jurisdiction over the

remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

---

[15] *See Farlow v. Wachovia Bank of North Carolina, N.A.*, 259 F.3d 309, 316 (4th Cir. 2001) ("[I]n a case in which the federal claims had been deleted from the complaint by the plaintiff, before trial, following a removal from a state court, the district court had the discretion to remand the pendent state-law claims to the state court." (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988))); *see also Moyles* [*v. Johnson Controls, Inc.*, No. Civ. S05885FCDKJM], 2005 WL 1561519, at *3 [(E.D.Cal. June 29, 2005)] (stating that although amending complaint to eliminate federal claims does not compel remand, court has discretion to remand); *Taylor v. Giant Food, Inc.*, [No. DKC-2004-0710,] 2004 WL 2191715, at *2 (D.Md. Sept. 13, 2004) (stating that when a plaintiff amends complaint to eliminate federal jurisdiction, court may still exercise its discretion to remand); *Fleeman v. Toyota Motor Sales, U.S.A., Inc.*, 288 F.Supp.2d 726, 729 (S.D.W.Va. 2003) (exercising its discretion to remand when plaintiff amended complaint to eliminate federal claim).

[16] *Cohill*, 484 U.S. at 351, 108 S.Ct. 614; *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

[17] *Cohill*, 484 U.S. at 357, 108 S.Ct. 614 ("[The concern regarding forum manipulation] hardly justifies a categorical prohibition on the remand of cases involving state-law claims regardless of whether the plaintiff has attempted to manipulate the forum and regardless of the other circumstances in the case. A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be

> considered under the pendent jurisdiction doctrine support a remand in the case.")

*Shilling v. Nw. Mut. Life Ins. Co.*, 423 F.Supp.2d 513, 520 (D.Md. 2006).

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*United Mine Workers of Am. v. Gibbs*, 383 U.S. at 726.

Here, it was the court, and not Plaintiff, that primarily dismissed the federal claims and there is no apparent attempt to manipulate the forum by Plaintiff. While it has taken some time to get to this point, the court and the parties have been involved in determining what parties and which claims will proceed. Only state law claims remain, raising issues better resolved in state court. Accordingly, the case, with the remaining claims, will be remanded to the Circuit Court. A separate order will be entered.

/s/
DEBORAH K. CHASANOW
United States District Judge