```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| WANDA T. THOMPSON | : |
|  | : |
| v. | : Civil Action No. DKC 2006-0379 |
|  | : |
| BENEFICIAL MORTGAGE COMPANY OF MARYLAND, ET AL. | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is the motion of Defendant Provident Bank of Maryland ("Provident") for entry of final judgment pursuant to Fed.R.Civ.P. 54(b). (Paper 94). The issue has been briefed fully and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Provident's motion will be denied as moot.

Plaintiff Wanda T. Thompson initially filed this case in the Circuit Court for Prince George's County, Maryland asserting claims under the Fair Credit Reporting Act and several state tort claims. The action was removed to this court on February 13, 2006. By an Order entered on July 18, 2006, the court dismissed all of Plaintiff's federal claims without prejudice and also dismissed some of Plaintiff's state claims, including all of Plaintiff's claims against Provident. (Paper 62). On February 6, 2007, Plaintiff clarified that she would not replead her federal Fair Credit Reporting Act claim. (Paper 88). As a result, on February 12, 2007, the court exercised its discretion pursuant to 28 U.S.C. § 1367(c)(3) to decline to exercise supplemental jurisdiction over

Plaintiff's remaining claims, all of which arose under state law. The court issued an Order remanding Plaintiff's remaining state claims, against two other Defendants, to the Circuit Court for Prince George's County, Maryland.  The Clerk forwarded the remand Order to the circuit court by letter dated February 12, 2007, and the circuit court's clerk acknowledged receipt of the Clerk's correspondence on February 20, 2007.  (Paper 96).

Provident requests the entry of final judgment in its favor pursuant to Fed.R.Civ.P. 54(b), which provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.  In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Pursuant to Fed.R.Civ.P. 54(b), the Order dismissing Plaintiff's claims against Provident was not final when that Order was entered on July 18, 2006.  Indeed Plaintiff moved for reconsideration of this ruling (paper 63), a motion the court has since denied (paper 85).

An interlocutory order becomes final, as provided in Fed.R.Civ.P. 54(b), absent an explicit certification to the contrary, only when all claims against all parties are resolved. In the context of a case remanded to state court, the remand order, regardless of whether it is itself final and subject to appeal, resolves all matters before the court as to all parties, and renders any previous interlocutory orders final and subject to appeal. *See* Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, 15A *Federal Practice and Procedure* § 3914.11, at 711 (2d ed. 1992) ("A number of cases have followed the *City of Waco* [*v. United States Fid. & Guar. Co.*, 293 U.S. 140 (1934)] decision, allowing review of the disposition on the merits; finality is established by the remand, since there is nothing left to be done in the federal court."). The United States Court of Appeals for the Fourth Circuit has never explicitly accepted or rejected the position that interlocutory dismissals are rendered final by a remand of all other aspects of the case,[1] but this rule has been adopted by many other courts and is persuasive. *See* Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, 15A *Federal Practice and Procedure* § 3914.11 at 711-12 & n.32 (2d ed. 1992) (citing

---

[1] *See, however, Washington Suburban Sanitary Comm'n v. CRS/Sirrine, Inc.*, 917 F.2d 834, 836 n.4 (4th Cir. 1990) (explaining that under *City of Waco v. United States Fid. & Guar. Co.*, 293 U.S. 140 (1934), interlocutory orders such as dismissal of a claim or party are subject to appeal after a remand order because such orders effectively permanently resolve substantive rights).

3

cases and explaining rule's rationale); *see also Trujillo v. Hise*, No. 04-CV-01873, 2006 WL 18590, at *1 (D.Colo. Jan. 4, 2006) (citing cases and reasoning that as an application of this theory entry of final judgment pursuant to Fed.R.Civ.P. 54(b) as to an earlier interlocutory dismissal was not necessary after remand).

Provident's request for entry of final judgment is moot under this doctrine.  The court's July 18, 2006 Order decided the merits of Plaintiff's claim against Provident, and, by dismissing this claim, decided the parties' substantive rights.  As a result, the court's remand Order rendered the prior interlocutory Orders final and started the time for any appeal as to those interlocutory Orders pursuant to Fed.R.App.P. 4.  A separate Order will follow.

                                          /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge